# DOWD BENNETT LLP

James F. Bennett       Direct Dial: (314) 889-7302       Email: jbennett@dowdbennett.com

January 9, 2012

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:     **Gonzalez v. Fresenius Medical Care North America, et al.**
        Case No. 10-50413

Dear Mr. Cayce:

The U.S., a non-party amicus and without leave, has filed a Rule 28(j) letter. Neither case cited supports reversal.

U.S. ex rel. Hutcheson v. Blackstone, 647 F.3d 377 (1st Cir. 2011), addressed a motion to dismiss where the relator alleged defendants (a) violated the Anti-Kickback Act ("AKS"), and (b) signed agreements with Medicare and executed hospital-based cost-reports that certified compliance with the AKS. Here, the district court held (in a decision not challenged by the amicus), that the relator introduced no evidence of a kickback and the relator failed to introduce any agreements or hospital cost-reports into evidence. Neither factual predicate of Hutcheson is present.

Moreover, Hutcheson is contrary to this Circuit's law, which holds (a) that a regulatory violation can give rise to FCA liability only where Medicare "conditioned payment of a claim on … certification of compliance," U.S. ex rel. Thompson v. Columbia, 125 F.3d 899, 902-903 (5th Cir. 1997); and (b) that it would be unfair to imply certification where the provider has no notice of it, U.S. ex rel. Steury v. Cardinal, 625 F.3d 262, 268-70 (5th Cir. 2010). In Hutcheson, the First Circuit disagreed with the district court's use of "case law from some other circuit[s]," 647 F.3d at 385, which included Thompson. Finally, relator herself never advocated the Hutcheson approach before the district court and it cannot be raised by the amicus.

In U.S. ex rel. Wilkins v. UnitedHealth, 659 F.3d 295, 312 (3d Cir. 2011), the Court, addressing a motion to dismiss, accepted as true the allegation that a kickback was present. The Wilkins relator further alleged defendants entered into agreements requiring compliance with the AKS and alleged that each month defendants certified compliance with the AKS. Id. Here, relator had a failure of proof on these points, not proving a kickback or any agreement or monthly certification. Finally, the Third Circuit recognized that its decision was following circuit court decisions from jurisdictions outside the Fifth Circuit, id. at 306, again demonstrating that the amicus is asking this panel to rule contrary to the law of the circuit.

Sincerely,

*James F. Bennett*

James F. Bennett


cc:     Counsel of Record