# Thomas E. Stanton

Attorney at Law
521 Texas Avenue
El Paso, Texas 79901

Tel. (915) 532-1122
Fax. (915) 532-1123

email Tstanton5@aol.com

---

January 13, 2012

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, La 70130-3408

    RE:    *Gonzalez v. Fresenius Medical Care North America et al.*
               Cause No. 10-50413.

Dear Mr. Cayce:

    Relator-Appellant Rebecca Gonzalez writes this letter in response to the recent Rule 28(j) correspondence submitted by *Amicus* and Appellee in this matter.

    First, Fresenius's representation that Relator "never advocated the *Hutcheson* approach" in this case is incorrect. Indeed, Relator has maintained *at all times* that a claim may be "false" under the FCA where it contains no certifications at all. *See, e.g.*, Op. Br. at 69; Fourth Amended Complaint, at ¶¶ 78-125, 201-312, 345, 437-439. Further, Fresenius's suggestion that *Hutcheson* is contrary to this Circuit's law is incorrect. The First Circuit's return to the plain language of the FCA in *Hutcheson* is wholly consistent with this Court's analysis in *Grubbs v. Kanneganti*, 565 F.3d at 189-90. Additionally, in *Longhi v. Lithium Power Techs.*, this Court explicitly considered its previous opinion in *Thompson v Columbia/HCA Healthcare Corp.* in announcing that the FCA reaches false schemes which are material to the presentation of a claim, and which might have a tendency to influence the government. *Hutcheson* is thus fully harmonious with this Court's return to the specific language of the FCA in *Longhi*.

    Nor is Fresenius candid with this Court in attempting to distinguish the Third Circuit's recent opinion in *Wilkins v. United Health*. Quite the contrary, Relator did present Fresenius's Cost Reports at trial, which contained a certification of lawfulness and explicit language regarding the Anti-Kickback Statute. See Op. Br. at 65 and exhibits cited therein. However, the trial court improperly required Relator to prove as a matter of fact that the AKS certification was a condition of payment. The Court in *Wilkins* correctly determined that certification of compliance with AKS was a condition of payment sufficient to invoke FCA liability.

    Finally, Relator notes that the trial court narrowly confined her FCA claims into various

1

boxes such as "*per se* tainted" and improperly disallowed presentation of the vast majority of those claims to the jury. Relevant to this Court's review of the proceedings below, the First Circuit cautioned that such judicially-created categories of FCA liability can "create artificial barriers that obscure and distort [the FCA's] requirements." *Hutcheson*, 647 F.3d at 385.

Very truly yours,

/s/

Thomas E. Stanton

cc. To all parties
through their counsel